UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| --- | --- | --- |
| VERSUS | * | NO. 15-21 |
| MICHAEL SAPERA | * | SECTION "L" |

### ORDER & REASONS

Before the Court are Petitioner Michael Sapera's motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) as a result of the retroactive application Amendment 791 of the United States Sentencing Guidelines, R. Doc. 93, and motion for a status conference, R. Doc. 104. Having considered the applicable law and parties' arguments, the Court rules as follows.

### I. BACKGROUND

On February 26, 2015, Defendant Michael Sapera pleaded guilty to a four-count Bill of Information charging him with bank fraud in violation of 18 U.S.C. § 1344, aggravated identity theft in violation of 18 U.S.C. § 1028(A) and wire fraud in violation of 18 U.S.C. § 1343. R. Doc. 16. On June 11, 2015, Sapera was sentenced to a total of eighty-two months imprisonment. R. Doc. 35 at 2. Sapera was additionally ordered to pay restitution in the amount of $2,847,752.00. R. Doc. 35 at 5.

### II. PRESENT MOTION

On December 3, 2018, Sapera filed a motion seeking a reduction in his sentence pursuant to the retroactive application of Amendment 791 of the United States Sentencing Guidelines. R. Doc. 93. Sapera explains that Amendment 791, which was passed by the United States Sentencing Commission before his sentencing but made effective a few months later, "could have had a

1

significant impact on the Defendant's sentence." R. Doc. 93 at 1. Per Sapera's calculations, the application of Amendment 791 would likely have reduced the guideline range for his sentence from 51-63 months, plus an additional 24 months, to 41-51 months, plus an additional 24 months. R. Doc. 93 at 1. He additionally argues that his exemplary post-conviction behavior merits a sentence reduction under 18 U.S.C. §§ 3582-83. R. Doc. 93 at 2.

His motion was referred to the Retroactivity Screening Committee on December 11, 2018 for determination of his eligibility for a reduction of his sentence. R. Doc. 93. On August 26, 2019, Sapera supplemented his motion, clarifying that pursuant to the First Step Act, he is entitled to an additional forty-eight days of good conduct time credit. R. Doc. 96. In October 2019, the Court was contacted by the United States Attorney's Office, which represented that Sapera was ineligible for a sentence reduction because Amendment 791 is statutorily precluded from being the basis of a sentence reduction. The Court ordered the Government to file a formal opposition to the motion, and such opposition was filed on November 1, 2019. R. Doc. 100. In opposition, the Government contends that Sapera is ineligible for a sentence reduction because Amendment 791 is not a "covered amendment" for the purposes of reducing a term of imprisonment as a result of an amended guideline range.[1] R. Doc. 100 at 1-2.

On December 30, 2019, Sapera filed a motion requesting a status conference to discuss his pending motion for a sentence reduction. R. Doc. 104.

---

[1] The Government also argues that Sapera is not eligible for relief under the First Step Act, which modifies the method by which the Bureau of Prisons calculates good conduct time credits. R. Doc. 100 at 2-3. In response, Sapera clarifies that he was not seeking relief under the statute, as "[t]he change mentioned has already been made and 47 days of additional good conduct time have been applied to the Defendant's release date." R. Doc. 102 at 2. Accordingly, this issue is moot.

## III. LAW & ANALYSIS

Title 18 United States Code § 3582 generally prohibits a court from modifying any term of imprisonment. 18 U.S.C. § 3582(c). However, if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the court may reduce the term of imprisonment if, after considering the § 3553(a) factors, "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission has issued a policy statement governing the reduction in a term of imprisonment due to an amended guideline range. U.S.S.G. §1B1.10. The policy statement provides as follows:

(a) Authority.—

    (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

    (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

        (A) none of the amendments listed in subsection (d) is applicable to the defendant; or

        (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

. . .

(d) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).

Mr. Sapera seeks relief pursuant to the retroactive application of Amendment 791. However, 791 is not listed under subsection (d), nor does Sapera argue that any other covered amendment applies to his case. Accordingly, a reduction in his term of imprisonment is not consistent with the policy statement and therefore barred under 18 United States Code § 3582(c)(2).

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Mr. Sapera's Motion to Reduce Sentence re USSC Amendment, R. Doc. 93, is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Sapera's Motion for Status Conference, R. Doc. 104, is **DENIED** as **MOOT**.

New Orleans, Louisiana this 5th day of February, 2020.

_____
Eldon E. Fallon
United States District Court Judge